UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RODNEY MORGAN,                              )
                                            )
       Plaintiff,                          )
                                            )
v.                                          )   No.: 3:13-CV-346-PLR-HBG
                                            )
LIUNA STAFF AND AFFILIATES                  )
PENSION FUND,                               )
                                            )
       Defendant.                          )

## MEMORANDUM OPINION

Plaintiff, Rodney Morgan, filed this action seeking review of Defendant, LIUNA Staff and Affiliates Pension Fund's, denial of his application for a disability pension pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B). This matter is before the court for consideration of the cross-motions for summary judgment filed by the parties. Morgan avers that LIUNA's decision to deny him disability pension benefits was arbitrary, capricious, an abuse of discretion, and contrary to the law and the facts. LIUNA, on the other hand, avers that its decision to deny Morgan's disability pension application was the reasonable result of a deliberate, principled reasoning process, and was not arbitrary and capricious. The court has carefully considered the parties' pleadings and supporting documents in light of the controlling law. For the reasons which follow, Morgan's motion for summary

judgment will be denied; LIUNA's motion for summary judgment will be granted; the Trustees' decision in this case denying Morgan's application for disability pension benefits will be affirmed**;** and this matter will be dismissed.

The administrative record on file with the court consists of two parts. The first part is the Second Administrative Record (SAR) submitted by defendant in the instant action. The second part is the Administrative Record (AR) filed in the earlier, related case, *Morgan v. LIUNA Staff & Affiliates Pension Fund,* Case No. 3-10-CV-51. Case No. 3-10-CV-51 is hereinafter referred to as *Morgan I*, and the present action is referred to as *Morgan II.*

**I. Standard of Review**

The parties agree that the appropriate standard of review is the arbitrary and capricious standard, and not the *de novo* standard, because the Pension Fund's governing documents grant the Fund discretionary authority to determine benefit eligibility and interpret the Fund's rules and regulations. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101 (1989); *Conknight v. Frommert,* 599 U.S. 506 (2010); *Helfman v. GE Group Life Ass. Co.,* 573 F.3d 383 (6th Cir. 2009).

The arbitrary and capricious standard is the least demanding form of judicial review of administrative action. When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary and capricious. *Killian v. Healthsource Provident Admn. Inc.,* 152 F.3d 514, 520 (6th Cir. 1998). Where, as here, the plan administrator is given the discretionary authority to determine the eligibility for benefits or to construe the plan terms, the court reviews the

2

administrator's decision to deny benefits using the highly deferential arbitrary and capricious standard of review. Under this standard, the court will uphold the administrator's decision, "if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence. The administrator's decision must be rational in light of the plan's provisions." *Helfman,* 573 F.3d at 392.

The court must accept a plan administrator's rational interpretation of the plan, "even in the face of an equally rational interpretation offered by the participants." *Gismondi v. United Technologies Corp.,* 408 F.3d 295, 298 (6th Cir. 2005), *quoting Morgan v. SKF USA Inc.,* 385 F.3d 989, 992 (6th Cir. 2004). A plan administrator's decision "will not be disturbed if reasonable." *Conkright,*, 130 S.Ct. at 1649. The court's review is limited to the record before the Appeals Committee at the time it made its decision. *Wilkins v. Baptist Healthcare Sys. Inc.,* 150 F.3d 609, 616 (6th Cir. 1998).

## II. Statement of Facts

The Pension Fund is a pooled trust fund established and maintained for the exclusive purpose of providing a defined benefit retirement income for the officers and staff employees of the Laborers' International Union of North America (LIUNA) and of local unions, district councils, and other labor organizations affiliated with LIUNA. All benefits, including disability pensions, are paid from the Fund's assets. Article II, Section 2.08 of the Pension Fund's Rules & Regulations state that "a participant shall be entitled to retire on a disability pension if he . . . becomes totally and permanently disabled . . . at a time when he is actively employed in covered service . . . ." Article II, Section 2.09 defines "total and permanent disability" as follows:

3

> A participant shall be considered totally and permanently disabled hereunder only if the Trustees, in their sole judgment and based on medical evidence, find that he has been totally disabled and thereby prevented from continuing his employment with a Contributing Employer, that he is unable to engage in, or secure, any other employment or gainful pursuit because of his disability, and that his disability is expected to be permanent.

*Morgan I,* AR at 232-33.

Morgan was employed full-time as the Business Manager of LIUNA Local Union No. 818 from sometime in 2004 through August 3, 2007. From January 2, 2000, until he became Business Manager in 2004, he was employed full-time by Local Union 818 as Assistant Business Manager. Before 1999, he was employed by various building and construction industry employers as a construction laborer. On August 29, 2006, Morgan pulled his left shoulder while attempting to prevent a heavy co-worker from falling. Morgan continued to perform his Union duties for a year, despite his injury, until he was laid-off by the Union on August 3, 2007. On March 26, 2008, at age 36, Morgan applied to Defendant LIUNA Staff & Affiliates Pension Fund for a total and permanent disability pension for the rest of his lifetime.

In *Morgan I,* Morgan originally filed suit on December 28, 2009, against LIUNA in the Chancery Court of Morgan County, Tennessee, seeking review of LIUNA's denial of his application for a disability pension. LIUNA removed the action to this court, pursuant to 28 U.S.C. §§ 1441 and 1446, on February 9, 2010. After considering the parties' cross-motions for summary judgment, the court granted LIUNA judgment and dismissed the case with prejudice on December 11, 2011 (*Morgan I*). Specifically, the court found:

4

> [T]he medical evidence does not support Morgan's argument that he is totally and permanently disabled. Dr. Kahn found, after examining Morgan and reviewing the medical records, that he "is clearly not totally disabled from any occupation for remuneration or profit. I do believe that the injury to his left shoulder is going to be permanent and continuous for the remainder of Mr. Morgan's life." None of the treating physicians' reports and opinions contradicts the independent medical evaluation of Dr. Kahn. Further support that Morgan is not totally and permanently disabled is found in Morgan's Workers Compensation Settlement which states that his disability is partial, not total. The only opinion stating that Morgan is totally and permanently disabled was from Dr. Nadolsky, a non-medical vocational consultant. I agree with the Trustees that Dr. Nadolsky's opinion was contradicted by the medical evidence and Morgan's actual work history as a full-time Union officer. Therefore, Dr. Nadolsky's report is entitled to little weight in the analysis of whether Morgan is disabled.
>
> Morgan argues that consideration should be given to his pain and the effect of the medications he takes on a daily basis on his ability to work. However, all three of Morgan's doctors were aware of his complaints of pain over the course of nearly two years, but they did not opine that he is totally and permanently disabled.
>
> The court finds that the Trustee's decision is not arbitrary and capricious. It reflects a thoughtful consideration of all the evidence presented and a reasoned, rational application of the relevant rules and regulations of the Pension Fund. The court further finds that the Trustees' conclusion is supported by substantial evidence. Accordingly, the Trustee's decision must be upheld. . . .

*Morgan I*, R. 15, p. 10-11. Morgan did not appeal this decision to the Sixth Circuit Court of Appeals.

On February 21, 2012, Morgan requested the Appeals Committee of LIUNA to reconsider its denial of his application for a disability pension based on a decision from the Social Security Administration awarding Morgan disability benefits as of March 19, 2010 (the date Morgan was determined to be disabled). The Appeals Committee exercised its discretion to reconsider the denial of Morgan's application for a disability

5

pension. After consideration of the decision of the Social Security Administration, the Appeals Committee reaffirmed its earlier decision upholding the denial of Morgan's application.

The Committee's decision letter of March 23, 2012, explained its action as follows:

> After due consideration of all of the documentation submitted and arguments advanced in support of the request for reconsideration, the Committee has decided to grant reconsideration on the basis of the new evidence but to reaffirm its earlier decision denying his application for a disability pension.
>
> The new evidence that is the basis for Mr. Morgan's request is a January 12, 2012 decision by an Administrative Law Judge (ALJ) for the Social Security Administration (SSA) finding that Mr. Morgan is eligible for SSA disability benefits as of March 19, 2010.
>
> Procedurally, the Committee agreed that the recent issuance of the ALJ's decision warranted consideration of whether the decision affected Mr. Morgan's eligibility under the Pension Fund's Rules and Regulations for a total and permanent disability pension.
>
> On the merits, however, the Committee concluded that the ALJ's decision does not support Mr. Morgan's claim for a disability pension from the Pension Fund. Indeed, the decision demonstrates that Mr. Morgan is not eligible for a total and permanent disability pension from the Pension Fund.
>
> . . .
>
> As of March 19, 2010, the date of Mr. Morgan's SSA disability according to the ALJ's decision, he was not employed in Covered Service under the Pension Fund. His last day of Covered Service was August 3, 2007, 2 years and 7 months before the date of disability. Accordingly, even accepting the SSA ALJ's finding of disability as of March 19, 2010, Mr. Morgan does not meet an eligibility condition for a disability pension under the Pension Fund's Rules & Regulations: he was not totally and permanently disabled "when he [was] actively employed in Covered Service under the Pension Fund.

6

*Morgan II,* SAR at 54-56.

By letter dated April 27, 2012, Morgan inquired whether the Appeals Committee's March 23, 2012 decision could be appealed. The Fund's Administrator responded that "there is no appeal from the Appeals Committee's decision. The Committee's decision is already an appeals decision based upon your request."

On March 1, 2013, Morgan filed the instant action (*Morgan II*) against LIUNA in the Chancery Court of Morgan County, Tennessee, asserting the same ERISA cause of action as in *Morgan I* to contest the Fund's denial of his application for a disability pension. LIUNA removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446.

### III.  Analysis

Morgan states that LIUNA reopened his disability pension case but gave him no opportunity to submit additional evidence. Morgan argues that LIUNA first denied disability pension benefits because it asserted that he was not totally disabled under the plan. In its second denial on March 23, 2012, Morgan avers that LIUNA changed the rationale for the denial by asserting that he was not actively employed in covered service when his disability began. Thus, its rationale for the denial changed, and Morgan argues that he should have an opportunity to address the new denial. Because he was not given the opportunity to submit new information in support of his claim, and because he was not given an opportunity to appeal the decision, Morgan asks the court to remand to the case to LIUNA for further consideration.

7

LIUNA responds that the Appeals Committee was not required by the Fund's Rules & Regulations or by law to reconsider Morgan's claim for a disability pension, particularly after the decision in *Morgan I*. It could have lawfully declined the request for reconsideration without even considering the "new evidence" submitted by Morgan. The Committee members nonetheless, "out of a sense of fairness," voluntarily decided to consider whether the SSA decision would persuade them to change their decision regarding Morgan's eligibility for a disability pension under the Fund's Rules & Regulations. The Committee decided that the SSA decision, read in light of the Fund's Rules & Regulations, actually supported the Committee's earlier decision denying Morgan's application for a disability pension. LIUNA contends the March 23, 2012 decision letter set forth a reasoned, rational explanation of the Committee's view in four simple steps:

(1) The Fund's Rules & Regulations condition eligibility for a disability pension on the participant becoming totally and permanently disabled, as defined by the Rules & Regulations, at a time when he is actively employed in Covered Service (employment by a contributing employer.

(2) Morgan left Covered Service on August 3, 2007.

(3) The SSA decision found that Morgan's date of disability was March 29, 2010. The SSA decision was based, in part, on Morgan's admission that March 19, 2010 was the onset date of his disability.

(4) March 19, 2010 was 2 years and 7 months after Morgan left Covered Service. Therefore, he was not totally and permanently disabled at a time when he was actively employed in Covered Service, and was not eligible for a disability pension under the Fund's Rules & Regulations.

8

29 U.S.C. § 1133 provides that every employee benefit plan must: (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

The essential purpose of § 1133 is twofold: "(1) to notify the claimant of the specific reasons for a claim denial, and (2) to provide the claimant an opportunity to have that decision reviewed by the fiduciary. *Wenner v. Sun Life Assur. Co. of Can.,* 482 F.3d 878, 882 (6th Cir. 2007). Moreover, an administrator may not initially deny benefits for one reason, and then turn around and deny benefits for an entirely different reason, after an administrative appeal, without affording the claimant an opportunity to respond to the second, determinative reason for the denial of benefits. *Id.* at 882.

Morgan argues that his administrative appeal was procedurally unfair because LIUNA's final benefits determination was allegedly for a different reason that its initial benefits determination. This argument, however, is without merit.

The Appeals Committee's first decision had the same basis, "Morgan did not become totally and permanently disabled within the meaning of the Pension Fund's Rules & Regulations when he was actively employed by an employer contributing to the Pension Fund." Despite Morgan's arguments to the contrary, the Committee's decision on reconsideration was not for an "entirely new reason." It was based on the same reason as the first decision in *Morgan I*. This is not a case in which the administrator initially

9

denied benefits for one reason and later denied benefits for another reason. LIUNA consistently notified Morgan that his application for a disability pension was denied based on the fact that he could not show that he was permanently and totally disabled while actively employed in Covered Service.

The Social Security decision awarding Morgan disability benefits does not establish that he was disabled prior to his last day of Covered Service on August 3, 2007. Morgan incurred his initial shoulder injury on August 29, 2006, but continued working for the Union for a year, despite his injury, up until he was laid-off by the Union on August 3, 2007. Morgan then filed a workers compensation claim for his shoulder injury. The claim was settled and Morgan entered into a settlement agreement in which he stipulated that his injury resulted in 69% disability to the body as a whole. Morgan first applied for Social Security disability on October 19, 2008, and the claim was denied on March 18, 2010. Morgan filed a second claim for Social Security disability benefits, alleging total and permanent disability since March 19, 2010.

At his Social Security hearing, Morgan testified that his condition had worsened, as his pain had become more intense since the prior SSA decision denying benefits was issued on March 18, 2010. He reported that he had recently injured his right hand when he tripped over his dog and he had undergone surgery to his right hand in October 2011. The ALJ noted that Morgan's inability to handle and work with small objects with both hands resulted in a significant erosion of the unskilled sedentary occupational base. Therefore, the ALJ found that these additional limitations so narrowed the range of work

10

Morgan could otherwise perform, that a finding of "disabled" was appropriate as of March 19, 2010.

The Appeals Committee's decision on reconsideration merely reaffirmed its initial determination was Morgan was not totally and permanently disabled at a time when he was actively employed by an employer contributing to the Fund. Thus, the Social Security determination supports, rather than undermines, the Committee's initial decision. Morgan was afforded a full opportunity to submit documentation and argument in support of his claim and his appeals in *Morgan I*, and the Appeals Committee was not required to grant him an appeal of the reconsideration decision. The court finds there is substantial evidence to support LIUNA's denial of Morgan's claim. Therefore, the court finds LINUA's benefits determination was not arbitrary or capricious.

## IV. Conclusion

For the foregoing reasons, plaintiff Rodney Morgan's motion for summary judgment [R. 8] is **DENIED;** defendant LIUNA Staff & Affiliates Pension Fund's motion for summary judgment [R. 10] is **GRANTED;** the Trustees' decision in this case denying Morgan's application for disability pension benefits is **AFFRIMED;** and this case is **DISMISSED.**

Enter:

_____
UNITED STATES DISTRICT JUDGE